JACKSON v. DOWNS et al.

(Court of Civil Appeals of Texas. Texarkana. June 13, 1912. Rehearing Denied June 29, 1912.)

MECHANICS' LIENS (§ 256*)—PERSONS ENTITLED TO CONTEST.

Where, in an action for a debt, plaintiff also sought to establish a laborer's lien against property attached by him, if a claimant to such property, by filing the statutory oath and bond, was remitted to the proceeding under the statute to determine issues arising on the attachment lien, he was not thereby precluded from intervening in the case and contesting the enforcement of the laborer's lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 450; Dec. Dig. § 256.*]

Appeal from Upshur County Court; W. A. Phillips, Judge.

Action by M. F. Downs and another against the C. E. Smith Lumber Company. From a judgment dismissing an intervention petition by W. T. Jackson, the petitioner appeals. Reversed and remanded.

See, also, 149 S. W. 286.

Warren & Briggs, of Gilmer, for appellant. M. B. Briggs and Maberry & Maberry, all of Gilmer, for appellees.

LEVY, J. In their suit for debt against the C. E. Smith Lumber Company the appellees Downs asserted in their amended petition, and asked to have foreclosed, a laborer's lien as well as an attachment lien on certain lumber. Appellant, who claimed absolute ownership of the lumber, filed a petition in intervention in the case, setting up facts going to the denial of the existence of any laborer's lien to appellees and the priority of his ownership to the attachment. The court, on motion of the plaintiffs in the case, dismissed the intervention of appellant, and denied him the right to appear by intervention in the cause. The assignments predicate error in the ruling of the court.

The allegations of the petition show that appellant had such interest in the subject-matter of the suit as to entitle him to intervene and assert his rights. It seems that the court denied the right to intervene in the cause for the reason that appellant had filed a claimant's oath and bond under the statute for the attached lumber, and was remitted exclusively to that proceeding for determination of his rights. In a statutory claim proceeding, though assuming that ap-

pellant had filed such proceeding, there was only involved the right or not of the parties to have an attachment lien continue and be enforced against the property attached. Appellees Downs here claimed a laborer's lien in addition to an attachment lien. So, assuming, as being unnecessary from the state of the record to decide, that appellant was remitted to the claimant's proceeding under the statute to determine the issues arising on the attachment lien, it nevertheless was proper and permissible for appellant, as alleged absolute owner of the property, to appear in the cause and resist the appellees' insistence with respect to a laborer's lien on the lumber. As the petition showed a right to appellant to intervene, the dismissal of the petition was reversible error.

The judgment is therefore reversed, and the cause remanded.